LICHTENSTEIN, ADMR. v. HUDEPOHL BREWING CO.

1. PLEADING GENERAL DENIAL AND CONTRIBUTORY NEGLIGENCE NOT INCONSISTENT.

Section 5067 Rev. Stat., requiring defendant to plead his several defenses so as to be "consistent with each other," has reference to the facts constituting the different defenses, such as may be sworn to without falsehood and in good faith, and not to such as may be implied by law or supposed by the pleader. Hence, a defense of contributory negligence, if well pleaded, in a personal injury case is not inconsistent with a general denial, notwithstanding an admission of negligence, if such admission is pleaded as conditional only to setting up the additional defense.

2. SPECIAL INSTRUCTIONS PROPERLY REFUSED IMPOSING BURDEN ON DEFENDANT OF PROVING ABSENCE OF NEGLIGENCE.

Special instructions in a personal injury case, excluding the fact that the negligence complained of must have been the direct cause of the injury and imposing upon defendant the burden of proving that it was prudent and cautious are properly refused.

ERROR to Hamilton common pleas court.

Lichtenstein v. Brewing Co.

**Pogue & Pogue** and **R. A. Black,** for plaintiff in error
**Kelley & Hauck,** for defendant in error.

**GIFFEN, J.**

In an action for damages for personal injury upon the ground of negligence the defense of contributory negligence, when well pleaded, is consistent with a general denial. If it be admitted in the answer, as a predicate for the defense of contributory negligence, that the defendant was negligent, such admission will necessarily disprove the general denial; but if the admission is conditional only and for the purpose of setting up contributory negligence as an additional defense, it disproves nothing nor is it inconsistent with the general denial. The rule is stated in *Pavey* v. *Pavey,* 30 Ohio St. 600, as follows:

"A defendant can be required to elect between which of several defenses he will proceed to trial, only where the facts stated therein are so inconsistent that, if the truth of one defense be admitted, it will necessarily disprove another."

And again, on page 601, it is said:

"A contrary construction would make the section of the code requiring a verification of pleadings, in all cases where a general denial is pleaded, defeat the section allowing the defendant to plead as many defenses as he may have, although the facts constituting the defense be not inconsistent with the denial. Such a construction of the code would work great injustice to a defendant who, among several defenses, has at least one good defense to the action, and yet, through some accident incident to a trial, he may be defeated by reason of his being confined to one. This would be clearly contrary to the policy and spirit of the code."

We are not unmindful of the fact that Sec. 5067 Rev. Stat., has since been amended by adding "but the several defenses must be consistent with each other," but if this provision be strictly construed it will, as pointed out in the above case, defeat the very object of the section and prevent all defenses of new matter when a general denial is interposed.

The word "consistent" as used in the statute refers to the facts constituting the several defenses which are averred to be true, and not to such as are implied by law or supposed by the pleader, and requires only that they should be stated in such form that the answer can be sworn to without falsehood and in good faith. In the answer before us the defendant by its third defense admits negligence conditionally and only for the purpose of stating the defense of contributory negligence,

which as thus stated is consistent with a general denial. The second defense contains a denial of all negligence of the defendant and an averment of particular facts showing negligence of plaintiff which, in effect, is the same as the general denial pleaded as a first defense, and could probably have been stricken out as redundant; but we think no prejudice resulted from the refusal to sustain such motion. The admission of evidence tending to excuse the defendant, and objected to by plaintiff, was not prejudicial, inasmuch as the jury in answer to a special interrogatory found it guilty of negligence.

The first special instruction refused by the court excludes the necessary fact that the negligence there described must have been the direct cause of the injury.

The second instruction refused imposes upon the defendant the burden of proving that it was prudent and cautious.

There was no error in the refusal of either. Special interrogatories 7, 8 and 9 were properly submitted to show whether the view of the deceased was obstructed in any manner and thereby excuse him for not seeing the approaching runaway horse and wagon. Interrogatory 12 called for an important fact in the case, and the answer is sustained by the evidence.

The answer to interrogatory 19 is conclusive of the general verdict for defendant if sustained by the evidence, and after reading same we see no reason to doubt the correctness of the finding.

The comparative negligence of the defendant and the deceased was not a material issue in the case, hence interrogatory 22 should not have been submitted to the jury, but we think no prejudice resulted.

Interrogatories 23, 24 and 25 and answers determine material questions of fact, consistent with the general verdict.

Our conclusion is from all the evidence that the accident was one of those unfortunate occurrences for which the law affords plaintiff no remedy, and the judgment will be affirmed.

**Swing** and **Smith, JJ.,** concur.